UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACQUELINE L. FITZGERALD,

    Plaintiff,

v.

                              Case No. 3:24-cv-371-TJC-PDB

DEPARTMENT OF TREASURY -
INTERNAL REVENUE SERVICE,
Scott K. Bessent, Secretary,

    Defendant.
_____/

**O R D E R**

Plaintiff Jacqueline L. Fitzgerald, proceeding pro se, sued her former employer, the Internal Revenue Service, alleging disability discrimination. (Doc. 1). The government moves to dismiss Fitzgerald's complaint for several reasons, including that she has failed to state a claim upon which relief can be granted. (Doc. 27). Fitzgerald responds that the operative complaint meets the pleading standards.[1] (Doc. 33). Alternatively, she requests leave to file a third amended complaint. Id.

---

[1] Fitzgerald argued the motion to dismiss should not be considered because she filed a motion to strike, challenging the United States Attorney's authority to represent the IRS. See (Docs. 33 and 34). The motion to strike was denied without prejudice on procedural grounds. (Doc. 36).

As a pro se litigant, Fitzgerald's pleadings are liberally construed, but she must still comply with procedural rules. Roy v. Ivy, 53 F.4th 1338, 1346 (11th Cir. 2022) (citation omitted). To avoid dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations modified). The Court's review is limited to the pleadings and attached exhibits. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation modified).

Fitzgerald's Second Amended Complaint ("SAC") alleges multiple issues with her employment. (Doc. 10). These include denial of her request for a leave advance, that the requirement to pay back any leave advance is a violation of the Thirteenth Amendment of the United States Constitution, and an accommodation was revoked without determining it was a hardship. Id. Fitzgerald claims denial of a leave advance and the accompanying lost wages were separate adverse employment actions. Id. She requests $300,000 in compensatory damages, $300,000 in punitive damages, and costs for her medical care.

Although the SAC describes more than one problem and adverse action, it refers to a singular "allegation of employment discrimination based on disability," and does not separately set out any claim(s). It is not clear if Fitzgerald is making one claim or more than one. For purposes here, the Court interprets the SAC to make two claims of disability discrimination: one based on denial of a leave advance

and another based on revocation of an accommodation. The lack of clarity regarding her claims, however, is just one problem with the SAC.

First, the SAC alleges disability discrimination and cites both Title VII and the Americans with Disabilities Act ("ADA"). Title VII does not address disability discrimination and, as a federal employee, Fitzgerald is not covered by the ADA.[2] The Rehabilitation Act protects federal employees from disability discrimination. See Mullins v. Crowell, 228 F.3d 1305, 1308-12 (11th Cir. 2000). Because the SAC does not make disability claims under the Rehabilitation Act, any claim for disability discrimination is due to be dismissed.

Second, like Title VII or the ADA, the Rehabilitation Act requires exhaustion of administrative remedies before Fitzgerald can sue in federal court. See id. at 1310-12.[3] Fitzgerald's first amended complaint referenced filing an EEOC charge and getting a right to sue notice (Doc. 3 at 5), but these allegations about exhaustion of remedies are not part of the SAC. The Court previously instructed Fitzgerald, "[t]o the extent she intends to incorporate the allegations from the original complaints in each case, she may not do so" because "[t]he amended complaint must

---

[2] The legal framework to determine liability is the same for cases brought under the ADA or the Rehabilitation Act. Mullin v. Sec'y U.S. Dep't of Vet. Affairs., 2025 WL 3706786 at *3, __ F.4th ___ (11th Cir. 2025).

[3] Administrative exhaustion generally requires filing a charge and receiving a right to sue notice. Some requirements vary, such as time requirements to file a charge between deferral and non-deferral states, and some requirements for federal employees are different.

3

stand on its own." (Doc. 5 at 2). The Court's review is limited to the SAC, which is the operative complaint. Because Fitzgerald does not allege exhaustion of administrative remedies in the SAC, she fails to state a claim and dismissal is proper for any disability claim.

Third, Fitzgerald fails to meet the pleading requirements of a "short and plain statement of the claim showing the pleader is entitled to relief" because her allegations are too conclusory. See Fed. R. Civ. P. 8 (a)(2). To meet the requirements of Rule 8, the facts need to involve more than legal conclusions and support the requirements of the claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting the rule requires more than just "the-defendant-unlawfully-harmed-me" and more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). As the Court previously stated "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (Doc. 5 at 2).

Here, the SAC does not have facts to indicate that denial of a leave advance was based on an alleged disability. The SAC merely states she "was entitled to Advanced Annual Leave" and that the IRS did not follow its own policy when it denied her leave advance request. (Doc. 10 at 2, 4). Fitzgerald does not allege the denial is because of her disability but does state the IRS determined she "would not likely return to work" to pay back the leave advance. (Doc. 10 at 4). If denial of a

4

leave advance is a separate claim, Fitzgerald should say so and present facts related to her claim for disability discrimination.

Similarly, the SAC has one paragraph alleging the elements of a disability claim: that Fitzgerald was a qualified individual with a disability and was denied a reasonable accommodation. (Doc. 10 at 2). Other paragraphs state Fitzgerald was diagnosed with anxiety and depression, she was employed as a Contact Representative, and she was no longer allowed to work in inventory. (Doc. 10 at 3). Although Fitzgerald states she could no longer work inventory, it is not clear this was the accommodation requested and denied. The SAC refers to the request for accommodation and its denial as exhibits, but neither are attached.[4] (Doc. 10 at 2). Nor is it clear that attaching the missing exhibits would contain enough information to meet the pleading requirements.

Lastly, Fitzgerald alleges the IRS's leave advance policy is unconstitutional. Fitzgerald's argument appears to be that the requirement to pay back a leave advance equates to indentured servitude in violation of the Thirteenth Amendment to the United States Constitution. (<u>See</u> Doc. 10 at 4). This assertion is not a viable claim.

Accordingly, the motion to dismiss is due to be granted.[5] Nonetheless, because Fitzgerald is proceeding pro se, the Court will allow her a final opportunity

---

[4] The SAC mentions six exhibits, but only three were attached.

[5] Because the Court finds that Fitzgerald's claims are due to be dismissed for

5

to amend her complaint. Because this will be Fitzgerald's third amended complaint, she should not expect another opportunity to amend.

Separately, Fitzgerald moves to strike the motion to dismiss because the U.S. Attorney and the Attorney General has not proven it has the authority to represent the IRS. (Doc. 37).[6] Assistant United States Attorneys are authorized to litigate on behalf of the United States, its agencies, and its officers, such as the Department of Treasury, the IRS, and the Secretary of Treasury. See 28 U.S.C. §§ 516 and 519. As such, the Court finds no merit in Fitzgerald's motion to strike.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 27) is **GRANTED** without prejudice. Plaintiff may file an amended complaint **no later than February 6, 2026**.

2. Plaintiff's Opposed Motion to Strike (Doc. 37) is **DENIED.**

---

the reasons discussed, it does not address the IRS arguments regarding the type of recovery sought. (Doc. 27 at 13-16).

[6] Generally, no party may reply without leave of the Court except for a few inapplicable exceptions. See Local Rule 3.01(d). Fitzgerald field a reply without seeking leave. Although the Court considered her arguments made in the reply, Fitzgerald is reminded of her obligation to comply with applicable rules.

**DONE AND ORDERED** in Jacksonville, Florida, the 12th day of January, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

Jacqueline L. Fitzgerald
191 Lane Ave. S., Apt. 129W
Jacksonville, FL 32210