**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JACQUELINE L. FITZGERALD,

     Plaintiff,

                                 Case No. 3:24-cv-371-TJC-PDB

v.

SCOTT BESSENT, SECRETARY OF
THE TREASURY,

     Defendant.

_____/

**O R D E R**

Plaintiff Jacqueline L. Fitzgerald, proceeding pro se, sued her former employer, the Internal Revenue Service. Doc. 41. The gist of Fitzgerald's factual allegations in her Third Amended Complaint ("TAC") is that she informed the IRS of her disabilities and requested accommodations, including use of advanced leave. Doc. 41 ¶¶ 10-23. Instead of being granted an accommodation, advance leave was denied, and she was charged as being AWOL for disability related absences. Id. The TAC brings three claims under the Rehabilitation Act: failure to accommodate, disability discrimination, and retaliation. Further, Fitzgerald alleges exhaustion of administrative remedies "through the federal-sector EEO process." Doc. 41 ¶ 6.

The United States moves to dismiss Fitzgerald's TAC alleging it is an impermissible shotgun pleading and fails to state a claim upon which relief can be granted. Doc. 44 at 5. As a pro se litigant, Fitzgerald's pleadings are liberally

construed, but she must still comply with procedural rules. <u>Roy v. Ivy</u>, 53 F.4th 1338, 1346 (11th Cir. 2022) (citation omitted). Fitzgerald responds that the operative complaint meets the pleading standards. Doc. 45.

To the extent the United States challenges whether Fitzgerald's allegations satisfy requirements for a prima facie case, the arguments are premature. A plaintiff is not required to establish a prima facie case at the pleading stage. <u>Cf.</u> <u>Ishmael v. Roundtree</u>, 161 F.4th 752, 760 (11th Cir. 2025) (collecting cases about the limited application of <u>McDonnell Douglas</u> at the pleading stage). It is enough if the complaint "provide[s] enough factual material to raise a reasonable inference, and thus a plausible claim," that the employer violated the statute. <u>See</u> <u>Speaker v.</u> <u>U.S. Dep't of Health & Hum. Servs.</u>, 623 F.3d 1371, 1386 (11th Cir. 2010) (involving Title VII). Similarly, the United States argues the complaint is shotgun because the alleged facts do not adequately support any of the claims made. Because the Court finds the allegations sufficient to support the claims at this stage, it does not think the TAC is an improper shotgun pleading.

The United States alleges Fitzgerald did not plead an adverse employment action. The Court disagrees. Fitzgerald alleges she was deemed AWOL and denied advance leave to which she was entitled. A liberal reading of the operative complaint raises an inference she was terminated because of the absences. The United States' arguments are better suited for summary judgment.

2

The motion to dismiss is due to be denied.[1]

Accordingly, it is hereby

**ORDERED:**

1. The Motion to Dismiss Third Amended Complaint (Doc. 44) is **DENIED.**

2. The United States Motion to Stay Filing of Case Management Report and to Stay Discovery (Doc. 46) is **DENIED as moot.**

3. No later than **May 22, 2026**, the Parties are directed to file a Case Management Report.

**DONE AND ORDERED** in Jacksonville, Florida, the 1st day of May, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record

Jacqueline L. Fitzgerald
191 Lane Ave. S., Apt. 129W
Jacksonville, FL 32210

---

[1] The Court notes two other issues. One, Jacqueline Fitzgerald is the plaintiff and entitled to represent herself, but the TAC is signed by Jacqueline Fitzgerald as Trustee of Jacqueline Fitzgerald Revocable Living Trust. Only a natural person may represent themselves in federal court. See Local Rule 2.02(b)(2). Two, the motion to dismiss incorrectly identifies Roger B. Handberg as the United States Attorney.

3